**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:15 CR 151** |
| | ) | |
| **BOBBY DEJOHNETTE** | ) | |

**OPINION and ORDER**

Before the court is defendant's motion for compassionate release in light of defendant's health condition and the COVID-19 pandemic. (DE # 166.) The court has considered defendant's *pro se* filing as well as multiple supplemental filings submitted by defendant's appointed counsel. For the reasons that follow, the motion for compassionate release is denied.

**I.     BACKGROUND**

In 2017, this court sentenced defendant to a 170-month sentence for conspiracy to distribute cocaine base and heroin and possession of a firearm in furtherance of a drug crime. (DE # 128.) Defendant had prior felony convictions including murder and two felon in possession charges. Currently, defendant's projected release date is January 10, 2028, just over 7 years from now. (BOP Inmate Locator, https://www.bop.gov/ inmateloc/, accessed Dec. 16, 2020.)

Defendant is 50 years old. He weighs approximately 240 pounds and is approximately 5' 10" tall. (DE # 173 at 4.) His medical conditions include obesity, diabetes, hypertension, sleep apnea, and issues with depression and anxiety. (DE # 166 at 1.)

Defendant is incarcerated at FCI Ashland in Kentucky, a facility with a population of approximately 1,300. As of the date of this order, BOP records indicate that 62 inmates and 23 staff members presently have COVID-19, and 269 inmates have recovered. Federal Bureau of Prisons, *Coronavirus,* https://www.bop.gov/coronavirus/ (accessed Dec. 16, 2020).

## II.    ANALYSIS

### A.    Exhaustion

Section 3582(c)(1)(A)(i) requires a defendant to exhaust all remedies before moving for compassionate release. Specifically, an inmate may file a request after receiving a BP-11 response, a denial from the General Counsel, or the lapse of 30 days from the receipt of a request for compassionate release by the warden of the inmate's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1). However, the court follows the rulings of other district courts in this circuit and finds that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, but rather is a claim-processing rule. *See, e.g., United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020). Accordingly, the court may consider the present motion regardless of the existence of proof of exhaustion.

**B.      Compassionate Release Analysis**

The court is authorized to reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Also, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The relevant Sentencing Guidelines policy statement, Section 1B1.13, provides that the court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Finally, the court should consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13.

1.      *Extraordinary and Compelling Reasons*

Application Note 1 to U.S.S.G. § 1B1.13 defines an "extraordinary and compelling" situation as one involving a prisoner who has "a serious . . . medical condition that substantially diminishes the ability . . . to provide self-care within the environment of the correctional facility." *Id.*

Defendant points to his history of obesity, diabetes, hypertension, sleep apnea, and issues with depression and anxiety. Considering these conditions along with defendant's relatively young age (50), the court does not find that his health concerns present a serious medical condition that substantially diminishes his ability to provide self-care. Further, the medical records he submitted show that his conditions are being

monitored and treated with prescription drugs under the supervision of health care professionals at the BOP.

The court acknowledges that some of defendant's conditions place him at higher risk for complications if infected by COVID-19. However, as stated above, his medical records indicate that his health condition is monitored closely by BOP medical personnel. Further, of a population of 1,300, FCI Ashland currently has 62 inmate cases of COVID-19. Federal Bureau of Prisons, *Coronavirus,* https://www.bop.gov/ coronavirus/ (accessed Dec. 16, 2020). The mere existence of a small number of cases of COVID-19 at defendant's prison cannot justify compassionate release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."). The combination of defendant's particular health condition and the risk of COVID-19 at defendant's particular institution do not lead the court to conclude that extraordinary and compelling reasons exist justifying defendant's early release.

2.  *Danger to Society*

Even if the court had determined that extraordinary and compelling reasons existed to satisfy U.S.S.G. § 1B1.13, the court would also need to determine that

defendant would present minimal danger if released. U.S.S.G. § 1B1.13; 18 U.S.C.
§ 3142(g).

The court is aware of defendant's criminal history, which includes a murder conviction. On three separate occasions after that conviction, he reacquired firearms in spite of the ban on felons possessing firearms. In the offense at issue in this case, he was selling heroin and utilizing firearms to further his sale of controlled substances. Given defendant's age and medical issues, the court is not convinced that defendant would be unable to orchestrate criminal activities upon release. Nor is the court convinced he would not be inclined to do so. He is clearly capable of reengaging in the drug distribution world again, and such activity would certainly result in physical harm to members of society. *United States v. Brock,* 433 F.3d 931, 935 (7th Cir. 2006) (explaining how drug dealing history rendered defendant a danger to the community in context of Section 3553(a) analysis). Accordingly, the court cannot conclude that defendant would present a "minimal" danger to society upon release.

### 3.    *Section 3553(a) Factors*

Even if the court determined that defendant's health condition constituted an extraordinary and compelling reason for a sentence reduction *and* that he would present a minimal danger to society if he were released, the court would still be required to consider the factors of Section 3553(a) in exercising its discretion. 18 U.S.C.
§ 3582(c)(1)(A)(i). Section 3553(a) states:

(a) Factors to be considered in imposing a sentence. — The court shall consider–

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence[s] and the sentencing range established for--

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]

(5) any pertinent policy statement guidelines [issued by the Sentencing Commission ...;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In this case, a consideration of relevant Section 3553(a) factors weighs in favor of not granting defendant's petition for compassionate release. Defendant's offense involved crack cocaine, a vicious drug that has haunted this region for decades. Further,

defendant's criminal history is marked by repeated use of firearms. Neither of these factors weigh in favor of defendant's early release. Instead, the court finds that requiring defendant to serve the remaining 7 years of his sentence is just in light of several Section 3553(a) factors. Requiring defendant to serve the remainder of his sentence would promote respect for the law and provide just punishment for defendant's offense. Abolishment or further reduction of defendant's sentence would not further either goal. Further, society would receive some benefit from defendant serving the remainder of his sentence, as he will not be able to reengage in drug crimes while incarcerated. Requiring defendant to complete his sentence also has deterrent value, both for defendant as well as others.

As the court considers all of the factors outlined above, it is guided by the principle that compassionate release is an extraordinary event. *White v. United States,* 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (compassionate release due to medical conditions is "a rare event"); *United States v. Clark,* 3:13-cr-163-FDW-1, 2019 WL 1052020 (W.D.N.C. Mar. 5, 2019) (denying relief, which is "extraordinary"); *United States v. Gutierrez,* No. CR 05-0217 RB, 2019 WL 1472320 (D.N.M. Apr. 3, 2019) (same); *United States v. Casey,* No. 1:06 CR 00071, 2019 WL 1987311 (W.D. Va. May 6, 2019) (same). This case is not extraordinary, and compassionate release will not be granted.

## III.    CONCLUSION

For the foregoing reasons, defendant's motion is **DENIED**. (DE # 166.)

**SO ORDERED.**

Date: December 16, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT